**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 17-7453**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

TIMOTHY ANDREW FUGIT,

Defendant - Appellant.

**No. 18-7369**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

TIMOTHY ANDREW FUGIT,

Defendant - Appellant.

Appeals from the United States District Court for the Eastern District of Virginia, at Newport News.  Arenda L. Wright Allen, District Judge.  (4:07-cr-00065-AWA-JEB-1; 4:09-cv-00135-JBF-DEM)

Submitted: January 18, 2019                    Decided: January 31, 2019

Before WYNN and FLOYD, Circuit Judges, and SHEDD, Senior Circuit Judge.

---

Affirmed in part and dismissed in part by unpublished per curiam opinion.

---

Timothy Andrew Fugit, Appellant Pro Se.

---

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Timothy Andrew Fugit seeks to appeal the district court's order denying his Fed. R. Civ. P. 60(b), (d) motion for reconsideration of the court's order denying relief on his 28 U.S.C. § 2255 (2012) motion and the court's subsequent order denying Fugit's Fed. R. Civ. P. 59(e) motion. Fugit's Rule 60(b), (d) motion alleged fraud and misconduct during the course of his federal habeas proceedings and also "attack[ed] the substance of the federal court's resolution of a claim on the merits" and was thus a mixed Rule 60(b), (d)/§ 2255 motion. *See United States v. McRae*, 793 F.3d 392, 397 (4th Cir. 2015) (internal quotation marks omitted).

With regard to Fugit's Rule 60(b)(3) and 59(e) claims, because the district court properly found the Rule 60(b)(3) claim time-barred, we deny a certificate of appealability (COA) as unnecessary and affirm. *See Harbison v. Bell*, 556 U.S. 180, 183 (2009) (ruling that COA requirement only "governs final orders that dispose of the merits of a habeas corpus proceeding"); *McRae*, 793 F.3d at 399-400 (holding that "*dismissal* of a Rule 60(b) motion on jurisdictional grounds" is not "sufficiently connected to the merits of the underlying habeas proceeding" to require COA).

Turning to Fugit's remaining Rule 60(b), (d) claims, we deny a COA and dismiss this portion of the appeal. *See* 28 U.S.C. § 2253(c) (2012); *Reid v. Angelone*, 369 F.3d 363, 369 (4th Cir. 2004) (holding true Rule 60(b) motion is subject to COA requirement), *abrogated in part by McRae*, 793 F.3d at 399-400 & n.7 (holding that denial on merits "of a Rule 60(b) motion may be sufficiently connected to the merits of the underlying habeas proceeding" to require COA and that *Reid*'s reasoning remains intact with regard

3

to these situations).  This portion of the order is not appealable unless a circuit justice or judge issues a certificate of appealability.  28 U.S.C. § 2253(c)(1)(B) (2012).  A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2) (2012).  When the district court denies relief on the merits, a prisoner satisfies this standard by demonstrating that reasonable jurists would find that the district court's assessment of the constitutional claims is debatable or wrong.  *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see Miller-El v. Cockrell*, 537 U.S. 322, 336-38 (2003).  When the district court denies relief on procedural grounds, the prisoner must demonstrate both that the dispositive procedural ruling is debatable, and that the motion states a debatable claim of the denial of a constitutional right.  *Slack*, 529 U.S. at 484-85.  We have independently reviewed the record and conclude that Fugit has not made the requisite showing.  Accordingly, we deny a certificate of appealability and dismiss this portion of the appeal.

Because Fugit fails to show that the district court erred in finding his Rule 60(b)(3) claim time-barred or that he is entitled to a COA for his true Rule 60 claims, we decline to remand this action to the district court to allow Fugit to elect between removing his improper claim and having the entire Rule 60(b), (d) motion treated as a successive § 2255 motion.  *See McRae*, 793 F.3d at 400; *United States v. Winestock*, 340 F.3d 200, 207 (4th Cir. 2003).

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED IN PART,*
*DISMISSED IN PART*